Froessel, J. (dissenting).
Appellant, during his many years as a member in good standing of respondent’s hospital staff, rendered service to the hospital in reliance upon the provisions in article IX of the by-laws of the medical staff, which secure to him the enjoyment of certain privileges upon his retirement. That article provides:
‘ ‘ When any surgeon or physician of the Hospital Staff below the rank of Director or Attending shall have reached the age limit as provided for by the Constitution of the Board of Trustees, such surgeon or physician shall thereafter continue to retain the rank then held, but without service, and shall he designated with this title, 1 off service. ’ These physicians and surgeons shall enjoy the following Hospital privileges;
“ 1. The care of their private patients in the Hospital.”
Respondent now seeks to divest appellant of his right to the enjoyment of these privileges; a right to which he became entitled in 1959, when he attained the age limit provided for one in his rank. In my opinion, the fact that the hoard of trustees, to Avhom the hospital’s constitution commits the control, direction and management of all the affairs and property of the corporation, could liaA'e altered or abrogated the by-laws, or even discharged appellant on the day before he attained the slated age limit and became entitled to the privileges proAdded in article IX, does not mean that they may divest him of these rights after they vest.
*210 111 my view of this ease, the controlling fact is that appellant was a member in good standing of the hospital staff when he attained the stated age limit in 1959. At that moment, by virtue of the above-quoted provision of the by-laws, he became entitled to the designation “ off-service ” and the privileges which accrue to one in his new “ off-service ” category. Indeed, the by-laws are couched in mandatory terms, providing that appellant11 shall be designated with this title ”, and “ shall enjoy ” the privilege which he now seeks. This is tantamount to a contract, and appellant’s right may not be impaired.
The fact that he was denied reappointment as a member of the hospital staff after May 1, 1960 is irrelevant, and cannot affect the rights to which he became entitled in 1959. I fully recognize that the board of trustees may not be restricted in the exercise of the sweeping powers the constitution commits to them, and intend no such limitation. The board, now as before, has the right to exercise its powers with respect to those members of the hospital staff who have not as yet attained the retirement age. They may not, however, reward 10 years of service, rendered in reliance upon rights assured by article IX, with a summary abrogation of these rights after appellant has become legally entitled to them. However plenary the board’s power, the short answer to this case is that it failed to exercise it in time.
Accordingly, the judgment appealed from should be reversed and summary judgment directed in favor of appellant.
Chief Judge Desmond and Judges Dye, Fuld, Van Voor.his, Burke and Foster concur in Per Curiam opinion; Judge Froessel dissents in a separate opinion.
Judgment affirmed.